### T. A. HART v. STATE.

No. 2156. Decided February 26, 1913.

**1.—Disturbing Peace—Indictment—Words and Phrases.**

Where the word ''street'' was spelled ''stree,'' in the indictment, the indictment was, nevertheless, sufficient when construed as a whole, and there was no error in overruling a motion in arrest of judgment. Following Bailey v. State, 63 Texas Crim. Rep.; 586, and other cases.

**2.—Same—Evidence—Res Gestae—Bill of Exceptions.**

All the facts and circumstances immediately occurring at the time and place of the main fact are res gestae, and there was no error, upon trial of disturbing the peace, to show that defendant motioned with his hand in connection with the language he used; besides, the bill of exceptions was defective in not showing why the testimony was inadmissible.

Vol. LXIX Crim.—27.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of disturbing the peace, the evidence showed that the defendant willfully used loud and vociferous language in a manner calculated to disturb the inhabitants of a public place, the conviction was sustained.

Appeal from the County Court of Hall. Tried below before the Hon. Jno. D. Bird.

Appeal from a conviction of wilfully disturbing the peace, penalty, a fine of $5.

The opinion states the case.

*J. M. Elliott* and *A. S. Moss*, for appellant.—On question of introducing testimony as to defendant waiving his hand: Novy v. State, 62 Tex. Crim. Rep., 492, 138 S. W. Rep., 139; Windham v. State, 59 Tex. Crim. Rep., 366, 128 S. W. Rep., 1130.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for disturbing the peace in that on May 18, 1912, he "did then and there unlawfully go into and near a public place, to-wit; a public *Stree* in the town of Memphis, Hall County, Texas, and did then and there unlawfully and wilfully use loud and vociferous language in a manner calculated to disturb the inhabitants of said public place." He waived a jury and submitted his case to the County Judge who fined him $5.

He made a motion in arrest of judgment, claiming that the indictment was fatally defective in that the letter "t" was left off in the spelling of "street" as copied above. Taking the whole indictment, it is perfectly clear that the public place where the offense is charged to have been committed was on one of the streets of the town of Memphis. No one, nor appellant, could possibly be misled by the leaving off of the "t" above specified. The court did not err in not sustaining appellant's motion in arrest of judgment. Bailey v. State, 63 Texas Crim. Rep., 584; Compton v. State, 67 Tex. Crim. Rep., 15, 148, S. W. Rep., 580; Ferrel v. State, 152 S. W. Rep., 901.

The testimony from both sides shows that trouble had arisen between appellant, who was the Marshal of the town of Memphis, and the complaining witness, W. L. McCormick, and that ill-feeling existed between these parties at the time,—May 18, 1912,—the offense was charged; that said McCormick, with some other witnesses, was standing on the sidewalk on one of the streets in the town in front of a barbershop. Appellant went along this sidewalk, passing these parties a few steps; that he then stopped, turned around and after looking at McCormick a few minutes motioned him away from the others with one hand and at the time placed his other hand at or on his pistol. This frightened McCormick and fearing an attack by appellant he immediately ran into the barbershop, appellant following him, holloeing or calling to him to stop, and after getting into the barbershop,

he continued to demand that McCormick stop, and talked in a loud, excited voice and showed he was mad. It was on this occasion that he is charged and shown by the testimony to have used loud and vociferous language in a manner calculated to disturb the peace.

Appellant has several bills of exceptions to the testimony of Mc-Cormick and other witnesses who were present and saw and heard what occurred at the time, detailing what was said and done by appellant and McCormick at this particular time and on this particular occasion. As a sample of one of these bills, we give the substance of his second, which is: While the witness, W. L. McCormick, was on the stand, and on his direct examination by the State, said witness was permitted, over the objection of the defendant, to testify to the following facts, to-wit: ''And defendant came back towards me, and motioned with his hand at me for me to step out away from some other boys that were with me.'' This testimony was admitted over appellant's objections on the ground that it was irrelevant and immaterial, and failed to throw any light upon the offense charged in the indictment in that said indictment charged the defendant with using loud and vociferous language, and that said waive of the hand could not be used as evidence of the force or manner of the language used and that it was prejudicial to his rights. It will be noted by this that the bill,—and each of the others is as fatally defective,—does not give the circumstances and surroundings, and status of the case so that from the bill this court can tell whether this testimony was improper. This testimony and all of the other shown by said bill, objected to is a necessary part of the circumstances and surroundings, acts, and sayings of appellant and said McCormick at the time and is a necessary part of the transaction itself and was all admissible, even if the bills presented it in such way as to require the court to pass upon it. We take it, from appellant's objections and his bills, that his idea was that the State would be restricted to testimony solely to the language used by appellant on the occasion, and whether or not it was loud and vociferous, without in any way telling how and why, and the way the matter came up and what was said and done on the occasion. This is incorrect. Judge White, in his Annotated Penal Code, sec. 1236, discusses this subject fully and cites the authorities. And he lays down this correct proposition: ''The 'res gestae,' so called, are the facts and circumstances immediately hovering around, and directly connected with the transaction, occurring at the time and place of the main fact. All which was said or done, or that which occurred, at the time of the offense (homicide) tending in the slightest degree to explain the transaction or conduct or motives of the parties is admissible.'' Again, he says: ''Whatever is said by any of the parties to a transaction at the time of the transaction is a part of the transaction itself and is admissible in evidence as res gestae.'' It is unnecessary to take up and discuss each of appellant's bills separately. They are all along the same line. All of said testimony was admissible.

No other point is raised requiring notice or discussion.

The evidence by several of the witnesses shows that on this occasion appellant talked very loud and that he was excited and mad. The evidence is sufficient to sustain the judgment of conviction. The judgment is affirmed.

*Affirmed.*